UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS OLVERA GONZALEZ,<br><br>  Petitioner,<br><br>  v.<br><br>RICK HILL,<br><br>  Respondent. | Case No. EDCV 11-1645-RGK (OP)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |

## I.

## **INTRODUCTION**

On July 26, 2011, Jose Jesus Olvera Gonzalez ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  (ECF No. 1.)

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal as untimely.

## II.

## **PROCEDURAL HISTORY**

On June 17, 2004, Petitioner was convicted, after entering guilty pleas in the Riverside County Superior Court, case number RIF103784, of driving under the influence and causing death or bodily injury to another person (Cal. Veh. Code § 23153(a)) and two additional people (Cal. Veh. Code § 23558), driving with a blood alcohol concentration of 0.08 percent or more and causing death or bodily injury to another person (Cal. Veh. Code § 23153(b)) and two additional people (Cal. Veh. Code § 23558), and driving without a valid driver's license (Cal. Veh. Code § 12500(a)). On July 24, 2004, Petitioner was convicted, after a jury trial in the same case, of murder (Cal. Pen. Code § 187(a)) and gross vehicular manslaughter while intoxicated with two prior convictions for driving under the influence (Cal. Pen. Code § 191.5(d)). On July 28, 2004, Petitioner was sentenced to a total state prison term of nineteen years to life. (Pet. at 1, 2; People v. Gonzalez, No. E036413, 2005 WL 1970255, at *1 (Cal. App. Aug. 16, 2005).)

On direct appeal to the California Court of Appeal, Petitioner's counsel filed a request for an independent review of the record pursuant to People v. Wende, 25 Cal.3d 436 (1979) and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). On August 16, 2005, after examining the entire record, the court of appeal determined that no arguable issues existed and

---

turned the Petition over to the prison authorities for mailing.

1  affirmed the judgment.  (Gonzalez, 2005 WL 1970255, at *1; Official Records of
2  California Courts.[2])

3      Although Petitioner claims he filed a petition for review in the California
4  Supreme Court, the Court's independent review of the state courts' website did
5  not reveal such a filing by Petitioner.  (Official Records of California Courts.)

6      On January 12, 2006, Petitioner filed a habeas corpus petition in the
7  California Supreme Court, case number S140278.  On September 27, 2006, the
8  supreme court denied the petition.  (Official Records of California Courts.)

9      On December 4, 2006, Petitioner filed a second habeas corpus petition in
10 the California Supreme Court, case number S148504.  On May 23, 2007, the
11 supreme court denied the petition with citation to In re Clark, 5 Cal. 4th 750
12 (1993).  (Official Records of California Courts.)

13      On November 9, 2010, Petitioner filed a habeas corpus petition in the
14 Riverside County Superior Court.  On November 30, 2010, the superior court
15 denied the petition.  (Id. at 3, Ex. M.)

16      On April 27, 2011, Petitioner filed a habeas corpus petition in the
17 California Court of Appeal, case number E053438.  On May 27, 2011, the court
18 of appeal denied the petition.  (Id. at 4, Ex. O; Official Records of California
19 Courts.)

20      Although Petitioner claims he filed another habeas corpus petition in the
21 California Supreme Court, the Court's independent review of the state courts'
22 website did not reveal any additional filings by Petitioner.  (Official Records of
23 California Courts.)

24      For the reasons discussed below, Petitioner is ordered to show cause why

---

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov.  See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1  the current Petition should not be dismissed with prejudice as untimely.

## III.
## DISCUSSION

**A.  Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

**B.  The Petition Was Not Filed Within the Limitation Period.**

The current Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, on August 16, 2005, the California Court of Appeal affirmed the judgment in Petitioner's case, and he did not file a petition for review in the California Supreme Court. (Pet. at 3; Gonzalez, 2005 WL 1970255, at *1; Official Records of California Courts.) His conviction became final forty days later, on September 26, 2005. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1). As a result, Petitioner had until September 26, 2006, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not constructively file the current Petition until July 26, 2011, nearly five years beyond the limitation period. Thus, unless Petitioner is entitled to statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

## C. **Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the

time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[4]

As set forth above, Petitioner's limitation period began to run on September 26, 2005. Petitioner filed a habeas corpus petition 108 days later in the California Supreme Court, case number S140278, on January 12, 2006, which was denied on September 27, 2006. (Official Records of California Courts.) Petitioner is entitled to statutory tolling for the time period this petition was pending pursuant to 28 U.S.C. § 2244(d)(2). Thus, at the time of the denial of this habeas petition, 257 days of the limitation period remained.

Petitioner filed a second habeas corpus petition sixty-eight days later in the California Supreme Court, case number S148504, on December 4, 2006, which was denied on May 23, 2007, with citation to In re Clark, 5 Cal. 4th 750 (1993). (Official Records of California Courts.) Petitioner is not entitled to statutory tolling for the time period this petition was pending pursuant to 28 U.S.C. § 2244(d)(2), because the citation to In re Clark was a determination by the

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

6

supreme court that the petition was untimely. Chavis, 546 U.S. at 192-93. As a result, the limitation period continued to run and expired on June 11, 2007.

Petitioner filed his next habeas corpus petition in the Riverside County Superior Court over three years later on November 9, 2010, which was denied on November 30, 2010. (Pet. at 3, Ex. M.) Petitioner is not entitled to statutory tolling for the time period this petition was pending pursuant to 28 U.S.C. § 2244(d)(2). Section 2244(d) does not permit the reinitiation of the AEDPA limitations period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled to statutory tolling for the time period his final habeas petition was pending in the California Court of Appeal. Thus, the Petition clearly appears to be untimely.

**D.    Equitable Tolling.**

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the

1 federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"). The face of the Petition does not set forth any facts showing that Petitioner is entitled to equitable tolling.

### E. Alternate Start of the Statute of Limitations.

#### 1. State-Created Impediment.

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right.

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate.

The AEDPA further provides that, in certain cases, its one-year limitations

period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

## IV.

## **ORDER**

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury. Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

///
///
///
///
///
///

1       Failure to comply with these requirements may result in the dismissal of
2 this action for failure to prosecute and/or failure to comply with a court order.
3 Failure to remedy the deficiencies discussed may also result in a recommendation
4 that the action be dismissed.
5
6 **IT IS SO ORDERED.**
7
8 DATED: October 18, 2011
                                 HONORABLE OSWALD PARADA
9                                  United States Magistrate Judge

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28